Mr. John F. Gibson, Jr. Prosecuting Attorney P. O. Box 573 Monticello, Arkansas 71655
Dear Mr. Gibson:
This is in response to your request for an opinion on the following specific questions:
 1. Would the service of an unemployed certified law enforcement officer as an investigator for a prosecuting attorney's office prevent the officer from losing his certification as a law enforcement officer?
 2. If your answer to the first question is "yes", would it make any difference if he served without a salary? (Our office has no funds to hire an investigator.)
 3. If your answer[s] to both of the first two questions are "yes", what if he is only compensated for his expenses?
The Commission on Law Enforcement Standards and Training ("Commission") has the power, pursuant to Ark. Stat. Ann. 42-1001 et seq. (Repl. 1977), to establish education and training requirements for admission to employment as a "law enforcement officer." 42-1007 provides, additionally, that the Commission "shall fix other qualifications as it deems necessary." Regulations issued by the Commission must therefore be considered in responding to the questions posed.
Regulation 1010(2)(e) contained in the Commission's Manual of Regulations provides that "(t)he certification of any law enforcement officer shall expire if the officer does not serve as a law enforcement officer for six (6) consecutive months or 180 days." The Commission has defined a "Law Enforcement Officer" for purposes of certification as follows, under Regulation 1001(11):
 ". . . any appointed law enforcement officer who is responsible for the prevention and detection of crime and the enforcement of the criminal, traffic or highway laws of this State, excluding only those officers who are elected by a vote of the people. The definition does not apply to employees of organizations or State departments and other like agencies not primarily involved in law enforcement. The criteria to determine if a person is a law enforcement officer is that he or she:
(a) is employed by a law enforcement unit; and
(b) serves a law enforcement function for that unit; and
(c) receives a salary authorized by that unit; or
(d) is a legally appointed auxiliary officer.["]
A "Law Enforcement Unit" is defined under Regulation 1001(12) as "a police force or organization of a city, county, or this State whose primary duty as prescribed by law or ordinance, is enforcing the criminal, traffic or highway laws of this State." (Emphasis in original).
The foregoing indicates that the response to your inquiry turns on whether a prosecuting attorney's office may be deemed a "law enforcement unit" within the meaning of Regulation 1001(12). If not, and if the officer does not otherwise serve as a law enforcement officer for six (6) consecutive months, he will lose his certification pursuant to Regulation 1010(2)(e).
While it may be said that the primary duty of a prosecuting attorney's office is the enforcement of criminal laws of the State, it must be concluded based upon the foregoing regulations and applicable statutory provisions that the answer to your first question is no. The phrase "police force or organization" appearing in the definition of a "Law Enforcement Unit" under Regulation 1001(12) in part dictates this conclusion. The clear implication is that the "organization" envisioned therein is one similar in function and purpose to a "police force." The word "organization" is presented as an alternative term, negating the theory that it may be deemed to encompass a prosecuting attorney's office.
It is also significant to note that investigators, assistant prosecuting attorneys, and other employees of a prosecuting attorney's office are not currently recognized as "law enforcement officers" for purposes of laws pertaining to certification requirements. A finding that investigators are "law enforcement officers" within the meaning of these laws would therefore signal the imposition of established education and training requirements. It is my opinion that a court would be unwilling to mandate this clear departure from current practice, and would instead reject this contention as based upon a strained construction of Ark. Stat. Ann. 42-1001(a) (Repl. 1977) and Commission Regulation 1001(11).
Questions two (2) and three (3) are rendered moot by the foregoing negative response to your first question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.